# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VENTURA FOODS, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>FOOD KING, S.A. de C.V., a Mexican corporation,<br><br>Defendant. | Case No. 15-cv-2349-BAS(JMA)<br><br>**ORDER DENYING PLAINTIFF'S *EX PARTE* APPLICATION FOR EXTENSION OF TIME AND ISSUANCE OF LETTER ROGATORY WITHOUT PREJUDICE**<br><br>[ECF No. 7] |

Presently before the Court is Plaintiff's *ex parte* application for: (1) an extension of time to serve the complaint to Defendant; (2) issuance of a Letter Rogatory in accordance with the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Service Convention"); and (3) issuance of a Letter Rogatory in accordance with the Inter-American Convention on Letters Rogatory. (ECF No. 7.)

For the following reasons, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's *ex parte* application in its entirety.

## I. EXTENSION OF TIME

Plaintiff requests a 360-day extension of time to serve the complaint to Defendant in Mexico. (Pl.'s *Ex Parte* Appl. 6:11–14.) Federal Rules of Civil Procedure Rule 4(m) governs the time limit for service. It states the following:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. *This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1).*

Fed. R. Civ. P. 4(m) (emphasis added).

Because Plaintiff is attempting to serve Defendant in Mexico under Rule 4(h)(2), it is exempted from the 90-day time limit for service. *See* Fed. R. Civ. P. 4(m). "Courts have reasoned that the foreign country exception is a 'recogni[tion] that the timeliness of foreign service is often out of the plaintiff's control.'" *Allstate Ins. Co. v. Funai Corp.*, 249 F.R.D. 157, 161 (M.D. Pa. 2008) (quoting *Nylok Corp. v. Fastener World Inc.*, 396 F.3d 805, 807 (7th Cir. 2005)). However, some courts have determined that the exemption from the 90-day time limit for service in a foreign country "does not apply if a plaintiff makes no effort to serve the foreign defendant abroad." *Id.* at 162 (citing *USHA (India) Ltd. v. Honeywell Int'l Inc.*, 421 F.3d 129, 134 (2d Cir.2005)).

Plaintiff's request for a 360-day extension of time is moot because Rule 4(m) exempts Plaintiff from the 90-day time limit for service. However, the Rule 4(m) exemption for time limit for service does not give Plaintiff an infinite time to serve Defendant. *See Allstate*, 249 F.R.D. at 162 (finding that the exemption did not apply because plaintiff had "not made a reasonable, good faith effort to attempt service abroad during the [service] period"). Plaintiff must be able to demonstrate it made an effort to serve the Defendant in a timely manner in order to take advantage of the

exemption provided by Rule 4(m). *See id.* At this time, the Court finds Plaintiff has made efforts to serve Defendant in a timely manner.

However, the Court **DENIES AS MOOT** Plaintiff's request for an extension of time beyond 90 days pursuant to Rule 4(m).

## II. LETTER ROGATORY FOR THE HAGUE SERVICE CONVENTION

In addition to the extension of time, Plaintiff requests the Court to issue a letter rogatory in accordance with the Hague Service Convention to aid in Plaintiff's service of Defendant in Mexico. (Pl.'s *Ex Parte* Appl. 8:16–20.)

Both the United States and Mexico are signatories of the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, done at The Hague on November 15, 1965 ("Hague Service Convention"). The Hague Service Convention provides:

> The authority or judicial officer competent under the law of the State in which the documents originate shall forward to the Central Authority of the State addressed a request conforming to the model annexed to the present Convention, without any requirement of legalisation or other equivalent formality.

Art. 3, Hague Service Convention, 20 U.S.T. 361, 1969 WL 97765, at *1. The Hague Service Convention does not require a letter rogatory be issued by a court under the law of the State that is requesting service abroad. *See id.* Rather, the treaty allows any attorney competent under the law of the requesting State to contact the Central Authority of the requested State to aid in serving an individual or corporation abroad. *See id.* The Hague Service Convention allows attorneys to serve judicial and extrajudicial documents abroad without the assistance of the court, and as a result, this Court finds it unnecessary, and possibly improper, to issue a letter rogatory for the Plaintiff to serve under the Hague Service Convention.

//

//

Accordingly, the Court **DENIES** Plaintiff's request to issue a letter rogatory in accordance with the Hague Service Convention because the treaty does not require a letter rogatory to serve the complaint in Mexico.

### III. LETTER ROGATORY FOR INTER-AMERICAN CONVENTION

Plaintiff also requests the Court to issue a letter rogatory in accordance with the Inter-American Convention on Letters Rogatory. (Pl.'s *Ex Parte* Appl. 10:1-4.) However, the Hague Service Convention is the superior means for service abroad.

The Hague Service Convention states that "[t]he present Convention shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad." Art. 1, Hague Service Convention, 20 U.S.T. 361, 1969 WL 97765, at *1. The United States Supreme Court implied that this language determined that plaintiffs must apply the Hague Service Convention when applicable by distinguishing the use of mandatory language in the Hague Service Convention with the use of discretionary language in the Hague Evidence-Taking Convention. *See Société Nationale Industrielle Aérospatiale v. U.S. Dist. Court for the S. Dist. of Iowa*, 482 U.S. 522, 568 n.15 (1987).

Following *Société Nationale*, the Hague Service Convention should apply to Plaintiff's complaint considering the mandatory language used in the Hague Service Convention. *See Société Nationale*, 482 U.S. at 568 n.15. The treaty clearly states that all cases involving civil or commercial matters requiring service abroad shall apply the Hague Service Convention. *See* Art. 1, Hague Service Convention, 20 U.S.T. 361, 1969 WL 97765, at *1. Therefore, following the text of the Hague Service Convention, Plaintiff's primary means of service in Mexico is under the Hague Service Convention and not the Inter-American Convention.

Accordingly, the Court **DENIES** Plaintiff's *ex parte* application to issue a letter rogatory in accordance with the Inter-American Convention.

//

## IV. CONCLUSION & ORDER

In light of the foregoing, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's *ex parte* application in its entirety. (ECF No. 7.) However, the Court is not unsympathetic to the demands being placed by Mexico before agreeing to serve a summons. Accordingly, the Court simultaneously with this order issues an order certifying with an original signature that the summons in this case is a valid one from this Court.

**IT IS SO ORDERED.**

DATED: December 8, 2016

_____
**Hon. Cynthia Bashant**
**United States District Judge**